United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-11050
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

DAVID WATKINS also known as DAVID MICHAEL WATKINS,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-37-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

David Watkins pleaded guilty pursuant to a written plea agreement to managing or controlling

a drug-involved premises in violation of 21 U.S.C. § 856 and was sentenced to a 135-month term of

imprisonment. Watkins argues that 1) the district court erred in determining the quantity of drugs

attributable to him for sentencing purposes, 2) his sentence is unreasonable, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

3) decisions of this court following *United States v. Booker*, 543 U.S. 220 (2005), have rendered the Sentencing Guidelines "constructively mandatory."

We review Watkins's challenge to the drug quantity attributable to him for sentencing purposes for plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1812 (2006). Because Watkins did not offer any evidence to show that the Presentence Report (PSR) was unreliable or that its factual findings were untrue, the district court did not commit error, plain or otherwise, by accepting the PSR's drug quantity determination. *See United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005); *United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1020 (2006). Watkins's sentence, at the bottom of the advisory guidelines range, is presumed reasonable, and Watkins has not rebutted that presumption. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

Watkins's argument that decisions of this court, including *United States v. Mares*, 402 F.3d 511 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005), and *Alonzo*, rendered the Guidelines constructively mandatory is unconvincing. Moreover, a panel of this court may not overrule another panel's decision without en banc reconsideration or a superseding contrary Supreme Court decision. *See United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993).

AFFIRMED.